UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

Plaintiff:

Davenell L. Ash

P.O. Box 7081

Duluth, MN 55807

Tel: (218) 355-8947

Case No. 25-cv-912-jdp

Defendants:

Hon. Kelly Thimm, in individual and official capacity

Chad Lalor, Prosecuting Attorney, in individual and official capacity

Todd Carlson, Law Enforcement Officer, in individual and official capacity

Darcy LaFlam, Police Informant

Rosalyn Byrd, Informant

John and Jane Does 1–10

Case Title:

Complaint for Damages, Injunctive, and Declaratory Relief Under 42 U.S.C. §§ 1983, 1985 and Related Statutes

I. JURISDICTION AND VENUE

This action arises under the Constitution and laws of the United States, specifically the Fourth, Fifth, Eighth, and Fourteenth Amendments, and 42 U.S.C. §§1983, 1985, 18 U.S.C. §§2340A, 242, and applicable Wisconsin statutes including 940.302, 940.19–940.30, 968.31–968.32, and 946.12.

Venue is proper in this District as the events occurred in Superior, Wisconsin, and Duluth, Minnesota, both within the territorial jurisdiction of this Court.

## II. PARTIES

Plaintiff Davenell L. Ash, a resident of Duluth, Minnesota, alleges repeated violations of constitutional and human rights through ongoing acts of harassment, unlawful surveillance, and false incarceration.

Defendant Hon. Kelly Thimm, presiding Judge, acted outside judicial immunity by participating in, condoning, and continuing coordinated harassment through misuse of judicial authority.

Defendant Chad Lalor, a state prosecutor, initiated and sustained malicious prosecutions and knowingly pursued false warrants.

Defendant Todd Carlson, a law enforcement officer, participated in unlawful arrests, warrantless surveillance, and physical and electronic harassment.

Defendants Darcy LaFlam and Rosalyn Byrd, identified as law enforcement informants, engaged in stalking, entrapment, and electronic interception in coordination with other defendants.

## III. FACTUAL ALLEGATIONS

The defendants have long since increased the socially engineered platform of livestreamed torture to the marginalized communities recruiting people of color to moderate and narrate the deadly elevated levels of electrical harassment as the named defendants direct, instruct, facilitate and monitor all torture instructing the low hires to pervert all drone technology to target the Plaintiffs breast and genitalia for days at a time.

Defendants initiated a continued campaign of retaliation following Plaintiff's exercise of constitutional rights and previous filings exposing public corruption.

Under the supervision of Judge Thimm and Prosecutor Lalor, Plaintiff was and still is being subjected to malicious prosecution, illegal surveillance, invasive electronic monitoring, and electrical harassment causing measurable physical harm.

...

Defendants coordinated use of the Digital Trunked Radio System (DTRS) and affiliated communications networks to harass, commit illegal entries of vehicle, business and home, illegally record and broadcast private acts, and perpetuate psychological torture in violation of 47 U.S.C. §605 and 18 U.S.C. §1030 under color of law.

Multiple false warrants were issued after probation had expired, resulting in unlawful detention on January 3–7, 2025, during which Defendants partnered with the initiators Duluth, MN police dept to inflicted cruel and unusual punishment and conducted invasive electronic assaults while communicating through the DTRS system. The Plaintiff clearly identified Judge Kelly Thimm, Prosecutor Chad Lalor, Officer Todd Carlson, Gordon Ramsey, named and unnamed defendants actively participating and operating the system during the entire period of incarceration. This was also done in 2021 after the illegal entrapment operation perpetrated by the named defendants.

Plaintiff's medical records and emergency reports dated September 7, 2024, and January 10, 2025, corroborate sustained electrical injury consistent with these attacks.

Defendants have used procedural restrictions and dismissal orders to prevent judicial scrutiny— constituting a manifest injustice and abuse of discretion under Fed. R. Civ. P. 60(b)(6).

IV. CLAIMS FOR RELIEF

Count I — Entrapment and Malicious Prosecution (42 U.S.C. §1983)

Defendants induced Plaintiff into acts she was not predisposed to commit, filed false charges, and engaged in prosecution lacking probable cause.

Count II — Unlawful Search, Seizure, and Surveillance (Fourth and Fourteenth Amendments)

Defendants conducted electronic surveillance and interceptions absent judicial authorization, constituting infringement of privacy and deprivation of liberty interests.

Count III — Cruel and Unusual Punishment (Eighth and Fourteenth Amendments)

Repeated acts of electrical and psychological torture while in custody constitute violations of federally protected rights against inhumane treatment.

Count IV — Human Trafficking and Abuse (18 U.S.C. §§1589–1591; Wis. Stat. §940.302)

Defendants' actions amount to human exploitation and unauthorized broadcasting intended for public degradation and harm.

Count V — Conspiracy to Interfere with Civil Rights (42 U.S.C. §1985)

Defendants conspired under color of law to deprive Plaintiff of constitutional protections, using positions of authority to conceal corruption and perpetuate torture.

Count VI — Manifest Injustice Exception (Fed. R. Civ. P. 59, 60(b)(6))

The denial of full adjudication of Plaintiff's prior filings and increasing retaliation constitute manifest injustice requiring immediate judicial relief.

## V. PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court:

Enter judgment for compensatory and punitive damages jointly and severally against all Defendants.

Issue injunctive relief ordering the cessation of surveillance, harassment, and misuse of the DTRS communication system.

Declare Defendants' actions unconstitutional and unlawful under federal and Wisconsin law.

Expunge false records and vacate any invalid warrants.

Award attorneys' fees, costs, and any other relief deemed equitable and just under 42 U.S.C. §1988.

Respectfully submitted,

*[signature]*
Davenell L. Ash, Pro Se

P.O. Box 7081

Duluth, MN 55807

Tel: (218) 355-8947

Date: October 17, 2025
      30